10-1480-ag
Lin v. Holder

BIA
A077 296 727

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:
      RALPH K. WINTER,
      JOSÉ A. CABRANES,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

HUI JIN LIN, also known as HURJIN LIN,
      *Petitioner,*

      v.                10-1480-ag
                       NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Thomas V. Massucci, New York, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Jin Lin, a native and citizen of China, seeks review of a March 22, 2010, order of the BIA denying her motion to reconsider. *In re Hui Jin Lin*, No. A077 296 727 (B.I.A. March 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Our review is limited to the BIA's March 2010 denial of reconsideration, as Lin's petition for review is timely filed only as to that order. *See, e.g., Stone v. INS*, 514 U.S. 386, 405 (1995) (holding that the Courts of Appeals must treat each petition for review as challenging only the BIA decision from which it was timely filed).

Although we generally lack jurisdiction to review a decision of the BIA not to reopen or reconsider proceedings *sua sponte*, as such a decision is "entirely discretionary," *see Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), because Lin's motion for reconsideration was timely filed from the denial of reopening, it is a statutory motion

2

to reconsider, the denial of which we generally review for abuse of discretion. *See* 8 U.S.C. § 1229a(c)(6)(A)-(C); 8 C.F.R. § 1003.2(b)(2); *Luna v. Holder*, 637 F.3d 85, 96 (2d Cir. 2011); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). As discussed below, however, the BIA did not abuse its discretion by denying reconsideration.

Lin argues that the BIA abused its discretion in denying reconsideration because the IJ's frivolous finding was erroneous and because the BIA did not meaningfully address the problematic aspects of that finding. These arguments are unavailing. On reconsideration, the BIA was not required to revisit the frivolous finding, because it had previously considered and rejected the same arguments in reviewing Lin's previous motion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (holding that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected). In any case, the BIA did not abuse its discretion, because the record contained multiple warnings to Lin regarding the permanent bar to relief that would result from a frivolous application, Lin had repeated opportunities to correct inaccuracies and

explain inconsistencies, and the IJ listed multiple material inconsistencies and instances of implausibility in Lin's testimony. Accordingly, the IJ complied with the law regarding frivolous findings that was in effect at the time of his decision, 8 C.F.R. § 208.20 (2000), and the BIA properly affirmed his decision. The regulatory requirements for a frivolous finding were therefore met, and Lin should not be permitted to seek application of a new guideline that did not take effect until several years after she was ordered removed. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172-73 (9th Cir. 2001).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4